**Catherine DE VERE, Plaintiff,**

**v.**

**TRUE–FLITE, INC. and United States of America, Defendants.**

**Civ. A. No. 1066.**

United States District Court
E. D. North Carolina,
Wilmington Division.

April 26, 1967.

Karl W. McGhee and Ellis A. Aycock, Stevens, Burgwin, McGhee & Ryals, Wilmington, N. C., for True-Flite, Inc.

Robert H. Cowen, U. S. Atty., Gerald L. Bass, Asst. U. S. Atty., Wallace E. Maloney, Department of Justice, John R. Harrison, Federal Aviation Agency, Washington, D. C., for the United States.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before this court upon a complaint filed by plaintiff wherein she alleges that the joint negligence of the defendants caused an airplane crash which injured her as alleged in the complaint. A trial to the court was held in August 1966, and the apparent delay in this decision has been occasioned largely by the time required for the filing of post-trial briefs.

As to the defendant, True-Flite, Inc., jurisdiction is properly founded on diversity of citizenship since the defendant is a corporation of North Carolina, while the plaintiff at no time mentioned in this action was a citizen of North Carolina.

As to the claim against the United States, jurisdiction is properly founded on 28 U.S.C. § 1346, commonly referred to as the Federal Tort Claims Act. The requisite $10,000 jurisdictional amount will be deemed to be present under the "plaintiff's viewpoint" since the plaintiff sues for an amount which is in excess of $10,000.

As stated above, this action grows out of an airplane crash. The pilot, Lester Teal, landed the single engine Cessna 182 aircraft at the New Hanover County Airport in the early morning hours of June 27, 1964. There he met the plaintiff, Catherine DeVere, at approximately 3:30 a. m.

Teal and Mrs. DeVere boarded the aircraft after Teal obtained clearance from the tower and was told that VFR conditions existed. Thereupon Teal and

Eugene H. Phillips, Winston-Salem, N. C., and Timothy J. Healey, Kreindler & Kreindler, New York City, for plaintiff.

his passenger embarked on what was planned to be a pattern flight around the airport. Several minutes after take-off, the aircraft flew into some thick clouds. While attempting to reestablish visual contact with the ground, Teal and Mrs. DeVere crashed in a swamp, injuring Teal permanently and Mrs. DeVere less severely. The two remained there for about thirty hours. Finally Mrs. DeVere was able to find her way to a house where she summoned help.

Plaintiff alleges that True-Flite, through its agent, Teal, was negligent in that: (a) he did not check the local weather forecast before taking off; (b) he took off when he could observe for himself that the weather was unfavorable; (c) he knew that the clouds were low in that area by reason of his flight into Wilmington; (d) he did not execute the proper procedure to reestablish visual contact with the ground once it was lost.

Plaintiff alleges further that the United States was negligent in that: (a) its agent, the tower operator, failed to give accurate information to the pilot, Teal, when Teal asked if the flying conditions were VFR; (b) its agent, the tower operator, did not initiate search and rescue operations when the aircraft failed to return.

■ We find that the United States was in no way negligent. The tower operator gave the latest information that he had to the pilot which indicated that VFR conditions were existing. The fact that the tower operator called the weather bureau to confirm this but could not get an answer is, we find, of no consequence because the meteorologist testified that if she had been reached by the tower operator when he called to check about flying conditions while Teal and the plaintiff waited to take off, she would have told him that VFR conditions were then in existence. She supported this testimony with records she had made at 3:25 a. m. on June 27, 1964.

■ Further we find that the tower operator was not negligent for failing to initiate a search operation. As we understand the regulations, the duty to initiate such a search only arises after knowledge that an aircraft is down. In this case we find that the tower operator had no such knowledge. Instead, the operator might reasonably have surmised that Teal and his passenger had flown on to another airport, and thus there was no duty to initiate the search.

As to True-Flite, Inc., the court is of the opinion that it was guilty of negligence which proximately resulted in the accident and the injuries to plaintiff.

■ Looking at the entire record, we feel that the preponderance of the evidence shows that True-Flite's agent, Teal, was negligent in that he undertook a flight when the weather was in an unfavorable and changing state, without first obtaining weather information directly from the local weather bureau at the airport. In this regard, we find that the visual observation of the existing conditions by the pilot coupled with the knowledge of weather conditions gained earlier that night in his flight into Wilmington placed upon him the duty to obtain this additional weather information directly from the weather bureau.

■ Further, we find that once the aircraft had lost visual contact with the ground, the pilot reacted in a negligent manner in that he did not immediately undertake to lose altitude. Instead, he executed a left turn and then began to lose altitude.

■ Additionally, we find that the pilot was negligent in the manner in which he flew his aircraft while descending.

Primarily, we base our finding of negligence on the fact that the pilot of True-Flite undertook a middle-of-the-night flight in unfavorable weather. Not only did the pilot have knowledge of inclement weather gained from his flight into Wil-

mington, but he could see it before his very eyes as he was planning to take off with the plaintiff passenger. Again, he had the opportunity of carefully checking the weather situation with the local weather bureau at the airport. All these he disregarded and went aloft in what turned out to be a tragic flight.

 Airlines, pilots and those in charge of making decisions on when to fly and when not to fly should be held to a strict accountability for their acts. The flying public as was the passenger, DeVere, should not be expected to decide questions of safety. It is common knowledge that bad weather, rain and thunder storms, fog, snow and windstorms account for a large percentage of airplane accidents. Many of them, like the one here under consideration, could have been avoided by awaiting proper weather conditions.

Therefore, it behooves the court to say that any airline who deliberately carries unsuspecting passengers into dangerous weather which results in their death or injury shall be liable for the consequences.

On the measure of damages, the court does not view the injuries to plaintiff to be nearly as severe as do plaintiff's counsel. Admittedly, it was a painful and frightful experience, but plaintiff suffered no permanent injuries. This court feels that $11,000 would fairly and reasonably compensate plaintiff for the injuries which she sustained.

In consideration of the above findings, it is adjudged and ordered that a judgment be entered against the defendant, True-Flite, Inc., in favor of the plaintiff in the sum of Eleven-Thousand Dollars ($11,000) plus plaintiff's costs in this proceeding.

Furthermore, the case is dismissed with prejudice as to the defendant, United States of America, but this defendant is to pay its own costs.

The clerk will send a copy of this opinion and judgment to counsel for all parties to this suit.